Judge Bucknek
delivered the opinion of the court.
Tins is a suit in chancery, instituted by Thomas Davis against Caleb Han, sen. and Caleb Hall, jr. He chargcsdn'his bill, that C. Hall, ten. having recovered a judgment at law against John Davis, many years since, caused an execution of/?. fa. issued on it, to be levied on the property ■ of him, Thomas Davis, and which was found, by the verdict of a jury, empannclled and sworn, for the purpose of trying the right of property, to be not subject to the execution; whereupon, it was -restored to him; that since that time, the plaintiff in the judgment had transferred the benefit1 of it to his son, C. Ilall, whp had caused another execution to be issued thereon, which had been levied on the same property in part, consisting of land, slaves, &c. which had been for many years hr *291 Ills undisturbed possession, and to which he had a clear and undoubted tille. líe further charges, that C. Hall, jr. is in embarrassed circumstances, owing debts, to persons residing in the county of Hopkins, where the property was levied upon, and lhathe ibnred some one or more of his creditors would be placed on a jury, should the right of the property be again tried, that thereby no verdict would be agreed upon,' and his property would consequently be sold; without responsibility on the part of the sheriff, and purchased by C. Hall,jr. who had said he intended to purchase it, the result of all which would be, that he should be divested of his property without the hope of redress.
A court of eSfiíljctionto injoin the sale of slaves or “e!zedPbyPlm fados, on the application °f property,
The defendants answered the bill, insisting that the property levied upon, belonged to John Davis, and was consequently subject to sale, under the execution. C. Hall, jr. denies nis alleged insolvency, and requires proof of the allegations of the bill.
Upon a hearing of the cause, the circuit court decreed a perpetuation of the injunction, which had been previously granted, restraining the parties concerned from proceeding with the sale of the property under the execution aforesaid. To reverse the decree, the Halls prosecute this writ of error.
That the statements of the bill are not sufficient to authorize a court of chancery to entertain jurisdiction of the case, is manifest, from a string of decisions by this court, establishing the doctrine upon the subject, too firmly to permit it to be now questioned. See the case of Watkins vs. Logan, Davis and Finley, III Monroe, 20; and that of Bouldin vs. Alexander, VII Monroe, 424. Many others might be cited, but it is deemed unnecessary to do so. It may be admitted, that the rule declaring that a party, whose property has been seized under execution against another, can obtain redress at law only, is general, and that there will he found exceptions to it. Such is the substance of the remarks of the court in the case above referred to, of Bouldin vs. Alexander. What description of cases should he considered as forming an exception to the general rule, are there touched upon, and need not to be here considered. It is sufficient to say, that this is not of that order. Thomas Davis was in pos *292 session of the property levied upon, in virtue of theexecu^0Ib anc^ his i'emed}' at law is plain and easy.
Mills and Bromvioi plaintiffs; Talbot; for defendant.
are no obstructions presenting themselves which claim the interposi tion of thé chancellor.
The decree of the circuit court must be reversed,, and the cause remanded to that court, with directions, to dissolve the injunction, and to dismiss the bill with costs.